**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3788-16T3

TAMERLANE & TAMERLANE
III,

      Plaintiff-Respondent,

v.

ANDREA HOLLIS,

      Defendant-Appellant.

_____

Argued November 7, 2018 – Decided December 12, 2018

Before Judges Suter and Geiger.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Docket No. LT-001828-17.

Sonia L. Bell argued the cause for appellant (South Jersey Legal Services, Inc., attorneys; Sonia L. Bell, on the brief).

David A. Avedissian argued the cause for respondent.

PER CURIAM

Defendant Andrea Hollis appeals from an April 28, 2017 judgment for possession granted to plaintiff Tamerlane & Tamerlane III (Tamerlane Apartments) in this summary eviction action. We affirm.

Tamerlane Apartments is a participant in the United States Department of Agriculture's Rural Housing Community Development Program (RHCD) for rent subsidies to low-income tenants. Defendant and her two minor sons have resided at Tamerlane Apartments since June 2007.

Section IV, ¶ A(8) of the lease between plaintiff and defendant provides plaintiff may terminate the lease agreement for:

> Any action or conduct of the Resident or members of Resident's household which disrupts the livability of the project by being a direct threat to the health or safety of any person, which interferes with the right of any tenant or member to the quiet enjoyment of the premises and related project facilities, or that results in substantial physical damage causing an adverse financial effect on the project or the property of others, EXCEPT when such threat can be removed by applying a reasonable accommodation, includes management, their family and their employees.

Additionally, Section IV, ¶ B provides plaintiff may terminate the lease agreement for sixteen specified types of improper conduct "listed in the New Jersey Eviction laws."

A-3788-16T3

Section IV, ¶ C requires plaintiff to provide defendant with a Notice of Violation prior to termination of the lease agreement. The Notice of Violation must:

> 2. State that the Resident will be expected to correct the lease violation by a specified date which shall be no less than ten (10) days from the day of the Notice.
>
> 3. State that the Resident may informally meet with Management to attempt to resolve the stated violation before the date of corrective action specified in the Notice.
>
> 4. Advise the Resident that if he or she has not corrected the stated violation by the date specified, Management may seek to terminate the lease by instituting an action for eviction at which time the Resident may present a defense.

Upon failure of the resident to meet the conditions or correct the violations stated in the Notice of Violation by the date specified, Section IV, ¶ E provides the resident shall be notified the occupancy is terminated and eviction is being sought by a Notice of Termination in compliance with N.J.S.A. 2A:18-61.2.

On January 30, 2017, plaintiff sent a three-day Notice of Termination of Lease to defendant terminating the tenancy for the following reason:

> Engaging or being involved in drug activity, theft, assaults or threats against a landlord[.]
>
> Specifically, on or about January 30, 2017, you assaulted another tenant at the complex, and assaulted

the property manager when she attempted to intervene, recklessly causing personal injuries. This type of conduct is expressly prohibited by law and your lease agreement. For these reasons, we are asking you to leave within three days so that we may avoid having to file an eviction action.

The notice also advised defendant she could discuss the termination with management or its attorney during the following three days.

On February 15, 2017, plaintiff filed this summary eviction action against defendant alleging that on January 30, 2017, defendant "assaulted another resident of the complex and assaulted the Property Manager when she attempted to intervene, recklessly causing personal injuries. Tenant was involved in a subsequent assault on February 3, 2017."

The two-day bench trial took place on March 23 and 24, 2017. The judge made the following findings. Defendant was given prior notice in November and December 2016 not to enter the management office because of an incident on October 6, 2016, during which defendant allegedly "screamed at, cursed at, and threatened the management staff." Nevertheless, following an incident occurring after the drop off of her children by a school bus, defendant entered the management office, knowing she was not allowed to be there, and engaged in a confrontation with a teenage female resident of Tamerlane Apartments, who was also in the office. Defendant assaulted the resident, breaking her eyeglasses

A-3788-16T3

and cutting her forehead, causing her to need medical treatment. The judge stated defendant "physically beat this woman without any justification whatsoever."

The judge found defendant's version that the resident had punched her in the back of the head to be "incredible" and a "total lie," determining defendant's allegation that the resident attacked her was "total nonsense." The judge described defendant as "a menace, an aggressor, an attacker, and a danger to this community."

Although there was testimony by the property manager that during the confrontation, defendant swung and hit the property manager's hand, causing her to lose a fingernail, the court declined to make a determination whether there was any intent to assault the property manager. The judge added, "I'm not saying that there was an assault on [the property manager]. That's for another day."

The court granted a judgment for possession in favor of plaintiff. The physical eviction was stayed by the trial court until June 21, 2017. The court entered a written judgment embodying its ruling on April 28, 2017. Defendant was granted a further stay of execution of the warrant of removal until July 5, 2017. This appeal followed.

A-3788-16T3

Defendant argues the trial court lacked jurisdiction because the plaintiff failed to send a notice of violation to defendant in violation of the lease and 7 C.F.R. § 3560.159(a) (2004). Defendant further argues 7 C.F.R. § 3560.159(d) (2004), which allows for eviction based on criminal activity without a notice of violation, does not apply because plaintiff did not include 7 C.F.R. § 3560.159(d) as a ground for eviction in its lease, contrary to 7 C.F.R. § 3560.159(c)(18)(xvii) (2004) (stating all leases must contain "[t]he good cause circumstances under which the borrower may terminate the lease and the length of the notice required"). We are unpersuaded by these arguments.

Federal regulations allow a landlord to terminate the tenancy of a tenant for criminal activity, 7 C.F.R. § 3560.159(d), "that threatens the health, safety, or right to peaceful enjoyment of the premises by other residents (including property management staff residing on the premises)," 24 C.F.R. § 5.859(a)(1). The lease, the summary eviction statute, and federal regulations permit termination of a tenancy for criminal activity in the form of assaulting a landlord's employee or another resident of the complex.

Plaintiff served defendant with a Notice of Termination setting forth the January 30, 2017 assault of another resident and the property manager as

grounds for the termination.  The complaint listed the same grounds.[1]  The trial court found defendant improperly entered the management office and physically assaulted another resident on January 30, 2017.  Those findings are amply supported by the record.

"Final determinations made by the trial court sitting in a non-jury case are subject to a limited and well-established scope of review . . . ."  D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013).  "[F]indings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.  Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility."  Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)).  "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]"  Ibid. (alteration in original) (quoting In re Tr.

---

[1]  Although plaintiff was actually given more than ten days' notice before the complaint was filed, we hold plaintiff was not required to give more than three days' notice when the cause of action is based upon this type of alleged criminal activity.  N.J.S.A. 2A:18-61.2(a).  Unlike some lease violations such as excessive occupants or chronic excessive noise, a single act of assault of another resident or employee is grounds for eviction that is not excused or exonerated because it does not reoccur.

Created By Agreement Dated Dec. 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). We see no basis to disturb the result here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3788-16T3